IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MARILYN BESOSA-NOCEDA and
JUAN PABLO RODRIGUEZ-TORRES
*per se* and in representation of their
minor children LMR-B and DJR-B

Plaintiffs

vs

DANIEL RIVERA-TORRES, JOSE B.
CAPO-RIVERA, CARMEN N.
SANTANA-TORRES, JOHN DOE,
RICHARD ROE, and their respective
insurance companies

Defendants

CIVIL 15-1558CCC

## OPINION AND ORDER

Before the Court is the Motion for Summary Judgment and Memorandum of Law in Support Thereof filed by co-defendants José Capó-Rivera, Carmen Santana-Torres and Daniel Rivera-Torres in their personal capacities (**d.e. 40**), as well as plaintiffs' opposition (d.e. 63) and defendants' reply (d.e. 69).

## BACKGROUND

This action is brought by plaintiffs Marilyn Besosa-Noceda and Juan Pablo Rodríguez-Torres, on their own and on behalf of minors LMR-B and DJR-B. Besosa, the principal plaintiff, and Emmanuel Santiago-Meléndez ("Santiago") are the parents of minor KSS-D. Besosa is now married to co-plaintiff Juan Pablo Rodríguez-Torres ("Rodríguez"). It is alleged that, for most of her life KSS-D has lived with and been raised by the two adult plaintiffs and that in March or April of 2014, Besosa called the child's father, Santiago, to inform that she and Rodríguez were relocating to Texas and planned to take KSS-D with them. It is also alleged that she requested that he approve

CIVIL 15-1558CCC                    2

of this move in writing but he never did.  In April of 2014, plaintiffs Besosa and Rodríguez moved to Texas, taking KSS-D with them.

Mr. Santiago attended several civil custody hearings in April of 2014. Plaintiff Besosa did not appear at any of them.  On May 7, 2014, another civil custody hearing was held, and plaintiff Besosa again failed to appear.  The same day, Mr. Santiago filed a complaint with defendant Daniel Rivera-Torres ("Rivera"), a police officer at the Juana Díaz, Puerto Rico District Police Station.  Defendant Rivera-Torres took Santiago's statement and referred him to defendant prosecutor Carmen Santana-Torres ("Santana") in order that she might consider filing charges against plaintiff Besosa.

Defendant Santana interviewed Santiago and defendant Rivera-Torres on May 9, 2014.  Upon determining that no judicial order had been issued granting custody of KSS-D to plaintiff Besosa, she authorized the filing of charges against her *in absentia* for Illegal Deprivation of Custody in violation of Puerto Rico Penal Code, ART. 121.A.  The same day, defendant Santana-Torres appeared at a hearing to determine probable cause before Judge Luis O. Vélez-Vélez ("Judge Vélez"), who found no probable cause for plaintiff Besosa's arrest.  Prosecutor Santana-Torres appealed Judge Vélez's finding, and on May 27, 2014 Judge Francisco J. Rosado-Colomer ("Judge Rosado") found probable cause to arrest plaintiff Besosa.  Accordingly, a warrant for her arrest was issued and her extradition from Texas to Puerto Rico was authorized.

On July 2, 2014, plaintiff Besosa was arrested in Texas.  On July 7, 2014, she appeared before the Court in Denton County, Texas, where she accepted voluntary extradition.  She was held for another fifteen days before being transferred to Puerto Rico on July 22, 2015.  In total, plaintiff Besosa was

CIVIL 15-1558CCC                    3

incarcerated in Texas for 21 days before being extradited to Puerto Rico.  Upon arrival in Puerto Rico, she was incarcerated for another 10 days before she posted bail.  On August 20, 2014, a preliminary hearing was held at which no probable cause was found to prosecute Besosa.

On August 31, 2015 Partial Judgment was issued dismissing the action as to Secretary of Justice César Miranda and Police Superintendent José Luis Caldero-López (d.e. 27).  Plaintiffs raise claims against defendants Police Officer Rivera-Torres, District Attorney Santana and General Prosecutor for the Commonwealth of Puerto Rico Capó-Rivera ("Capó") (as supervisor of defendant Santana-Torres), for malicious prosecution in violation of Besosa's Fourth Amendment Rights, actionable under 42 U.S.C. § 1983, and under the diversity jurisdiction of the Court for malicious prosecution of Besosa under Article 1802 of the Puerto Rico Civil Code, P.R. LAWS ANN. Tit. 31, sec. 5141. Plaintiffs' claim against defendant Capó in his role as supervisor rests on the same statute and Article 1803 of the Puerto Rico Civil Code, P.R. LAWS ANN. Tit. 31, sec. 5142. They seek damages for the alleged violation of Besosa's rights and for her suffering and that of the co-plaintiffs attendant to the same. Finally, plaintiffs mention, without elaboration, Title VII of the Civil Rights Act of 1964.

## STANDARD OF REVIEW

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A fact is "material" only if it "might affect the outcome of the suit under the governing law," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed. 2d

CIVIL 15-1558CCC                              4

202 (1986), and "[a] genuine issue is one that could be resolved in favor of either party." *Calero-Cerezo v. U.S. Dep't of Justice*, 355 F.3d 6, 19 (1st Cir. 2004). The Court does not weigh the facts but instead ascertains whether the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Leary v. Dalton*, 58 F.3d 748, 751 (1st Cir. 1995). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [evidence] . . . which it believes demonstrate the absence of a genuine issue of material fact." *Crawford-El v. Britton*, 523 U.S. 574, 600 n. 22, 118 S.Ct. 1584, 140 L.Ed. 2d 759 (1998) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed. 2d 265 (1986)); Fed. R. Civ. P. 56(c)(1). If this threshold is met, the opponent "must do more than simply show that there is some metaphysical doubt as to the material facts" to avoid summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed. 2d 538 (1986).

The nonmoving party may not prevail with mere "conclusory allegations, improbable inferences, and unsupported speculation" for any element of the claim. *Medina-Muñoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir. 1990). Still, the court draws inferences and evaluates facts "in the light most favorable to the nonmoving party," *Leary*, 58 F.3d at 751, and the court must not "superimpose [its] own ideas of probability and likelihood (no matter how reasonable those ideas may be) upon the facts of the record." *Greenburg v. P.R. Mar. Shipping Auth.*, 835 F.2d 932, 936 (1st Cir. 1987).

CIVIL 15-1558CCC                           5

## DISCUSSION

The Court notes, as a preliminary matter. that the Complaint does not identify or distinguish between plaintiffs' claims under the United States Constitution and their claims under the Puerto Rico Constitution, and, aside from a few vague references to due process, nowhere do they allege specific rights violated by defendants.   There are other deficiencies in plaintiffs' pleading.   Repeating that "[t]he actions and acts of Defendants in their [supervisory] roles were grossly/extremely negligent and exhibited dereliction of duty" (d.e. 1, ¶ 30, 31, 32, 36, 37) does not make it a plausible claim.   "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."   *Ashcroft v. Iqbal*,129 S.Ct. 1937, 1949 (2009).

Plaintiffs posit that this Court "has jurisdiction under Title VII and 42 U.S.C. Section 1983, Civil Rights Act 1964." (d.e. 1, ¶ 4).  Title VII is clearly inapplicable to the few facts alleged in plaintiffs' Complaint.   The only federal claim to be addressed is Besosa's Section 1983 claim of malicious prosecution under the Fourth Amendment of the United States Constitution, an amendment that was not once mentioned in plaintiffs' Complaint.[1]  When they state that "[t]he constitutional rights in question at the time of the allegations and the

---

[1]The Court does not consider plaintiff's vague reference to her "due process rights" because (1) she does not allege any specific due process violation, and (2) a Section 1983 malicious prosecution claim "is not properly based on either a procedural or substantive due process violation."   *Meehan v. Town of Plymouth*, 167 F.3d 85, 88 (1st Cir. 1999).  *See also Montalvo Febus v. Sanchez*, No. 11–1428(GAG), 2013 WL 6628299, at *5 (D.P.R. December 16, 2013) ("[T]he availability of an adequate remedy for malicious prosecution under Commonwealth law, see P.R. Laws Ann. tit. 31, § 5141 (1991), is fatal to Plaintiff's procedural due process claim.").   In addition, the Supreme Court's opinion in *Albright v. Oliver*, 510 U.S. 266, 114 S.Ct. 807, 127 L.Ed. 2d 114 (1994), firmly closed the door on substantive due process as a vehicle for bringing claims of malicious prosecution.   *See Hernandez–Cuevas v. Taylor*, 723 F.3d 91, 98 (1st Cir. 2013).   Rather, malicious prosecution claims are properly brought under the Fourth Amendment.   *See id.* at 101-02 (1st Cir. 2013).

CIVIL 15-1558CCC                    6

reasonable similarly situated official will understand the challenged conduct violates the facts in question," plaintiffs leave the Court with the task of deciphering what they mean, not only as to how a *fact* can possibly be *violated*, but also as to "the constitutional rights in question."

## I.    *Section 1983*

Plaintiff Besosa alleges that defendants violated her constitutional rights such that 42 U.S.C. § 1983 provides her with a vehicle for remedy. Section 1983 "provides a remedy for deprivations of rights secured by the Constitution and laws of the United States when that deprivation takes place under color of any statute, ordinance, regulation, custom, or usage, of *any State or Territory*." *Lugar v. Edmondson Oil Co.*, Inc., 457 U.S. 922, 924, 102 S.Ct. 2744, 73 L.Ed. 2d 482 (1982) (emphasis ours) (internal quotation marks omitted).  To prevail in a section 1983 claim, a plaintiff "must allege facts sufficient to support a determination (i) that the conduct complained of has been committed under color of state law, and (ii) that [the alleged] conduct worked a denial of rights secured by the Constitution or laws of the United States." *Cepero–Rivera v. Fagundo*, 414 F.3d 124, 129 (1st Cir. 2005) (quoting *Romero–Barcelo v. Hernandez–Agosto*, 75 F.3d 23, 32 (1st Cir. 1996)).  For Section 1983 liability purposes, "a state employee generally acts under color of state law when, while performing in his official capacity or exercising his official responsibilities, he abuses the position given to him by the State." *West v. Atkins*, 487 U.S. 42, 49, 108 S.Ct. 2250, 101 L.Ed. 2d 40 (1988).

Section 1983 claims require that a plaintiff establish three elements for liability to ensue: deprivation of a right under the Constitution or laws of the

CIVIL 15-1558CCC                              7

United States, a causal connection between the actor and the deprivation, and state action.  *See Sanchez v. Pereira–Castillo*, 590 F.3d 31, 41 (1st Cir. 2009); *see also* 42 U.S.C. § 1983.  The causation element requires that the plaintiff establish (1) that the actions of the defendant deprived the plaintiff of a protected right, and (2) "that the defendant's conduct was intentional, grossly negligent, or amounted to a reckless or callous indifference to the plaintiff's constitutional rights."  *Concepcion v. Municipality of Gurabo*, 558 F.Supp. 2d 149, 162 (D.P.R. 2007).  A plaintiff must link each particular defendant to the alleged violation of federal rights.  *See González–Piña v. Rodríguez*, 407 F.3d 425, 432 (1st Cir. 2005).  A plaintiff may do so by indicating any "personal action or inaction [by the defendants] within the scope of [their] responsibilities that would make [them] personally answerable in damages under Section 1983."  *Pinto v. Nettleship*, 737 F.2d 130, 133 (1st Cir. 1984).

Plaintiff Besosa attempts to satisfy the causation element by alleging that the "grossly/extremely negligent" acts of all three remaining defendants amounted to malicious prosecution, depriving her of her Fourth Amendment right to be free from seizure but upon probable cause, which extends through the pretrial period.  *Hernandez-Cuevas v. Taylor*, 723 F.3d 91, 99 (1st Cir. 2013).  Defendants seek to dismiss the Section 1983 claims pursuant to several grounds that will be discussed herein.

### a.   *Malicious Prosecution*

Plaintiff Besosa posits that the law of Puerto Rico must be applied to her Section 1983 malicious prosecution claim, and she cites *Rodriguez v. United States*, 54 F.3d 41, 44 (1st Cir. 1995) as if it supported such a position.  It does

not. *Rodriguez* dealt with claims against officers of the United States under the Federal Tort Claims Act ("FTCA"), *not* claims against officers of a state or territory under Section 1983.  While the FTCA "ordains that the 'law of the place' where the act or omission occurred shall govern actions for damages against the United States" *id.*, Section 1983 does not.

When a plaintiff brings a Section 1983 claim against state actors in their individual capacities for malicious prosecution, her claim is properly brought under the Fourth Amendment.  *See Hernandez–Cuevas*, 723 F.3d at 101-02 (holding the same as to Section 1983 and *Bivens* claims).  In order to succeed on such a claim, a plaintiff must establish that "the defendant (1) caused (2) a seizure of the plaintiff pursuant to legal process unsupported by probable cause, and (3) criminal proceedings terminated in plaintiff's favor."  *Id.* at 101. In *Hernandez–Cuevas*, the First Circuit held that it is "self-evident" that "those charged with upholding the law are prohibited from deliberately fabricating evidence and framing individuals for crimes they did not commit."  *Id.* at 100 (citing *Limone v. Condon*, 372 F.3d 39, 44–45 (1st Cir. 2004) (concluding that "the right not to be framed by law enforcement agents was clearly established in 1967")).

Defendants seek dismissal of plaintiff's malicious prosecution claim against them because they acted on probable cause, thereby precluding the second element.  They argue that Judge Rosado found probable cause for Besosa's arrest and issued a warrant.  (d.e. 40 p. 12).  This is confirmed in Exhibit 6 of defendants' Statement of Material Facts (d.e. 41), which is translated to English at Exhibit 4 of defendants' Motion Submitting Certified Translations (d.e. 48).

CIVIL 15-1558CCC                    9

   In the instant case, plaintiff Besosa's arrest was made pursuant to a warrant issued by a judge who found that probable cause existed for the arrest. The fact that a judge issued an arrest warrant does not shelter an official from liability under Section 1983 if plaintiff can establish that: (1) the official knowingly and deliberately, or with reckless disregard for the truth made false statements or omissions that created a falsehood in applying for the warrant; and (2) such statements or omissions were material or necessary to the finding of probable cause. *See Wilson v. Russo*, 212 F.3d 781, 786 (3d Cir. 2000) (citing *Sherwood v. Mulvihill*, 113 F.3d 396, 399 (3d Cir. 1997)); *see also Burke v. Town of Wapole*, 405 F.3d 66, 82 (1st Cir. 2005) (citing *Wilson*).  In other words, "a plaintiff seeking to establish a Fourth Amendment violation in the context of malicious prosecution must show that, even though a magistrate found the evidence sufficient to establish probable cause 'the evidence was, in fact, constitutionally unacceptable because the [officials] formulated evidence essential to the probable cause determination with a mental state similar to common law malice.'" *Dominguez v. Sancha*, 50 F.Supp. 3d 117, 128 (D.P.R. 2014) (citing *Hernandez-Cuevas*, 723 F.3d at 101).

   Nowhere in plaintiffs' Complaint do they even allege that any of the defendants "made false statements or omissions that created a falsehood" in the facts that were presented to Judge Rosado, who issued the warrant for plaintiff Besosa's arrest.  Plaintiffs simply repeat, over and over, that "criminal charges were pressed against [plaintiff Besosa] without cause, illegally, arbitrarily, and without evidence."  (d.e. 1, ¶¶ 21, 22, 37).

   Besosa was arrested on a warrant that was validly issued pursuant to a judicial finding of probable cause.  Even viewing the facts and pleadings in the light most favorable to plaintiff Besosa, she has not shown that her

CIVIL 15-1558CCC                    10

constitutional rights were violated in any way by defendants.  Accordingly, defendants' Motion for Summary Judgment (**d.e. 40**) as to plaintiff Besosa's Section 1983 malicious prosecution claim is GRANTED.

### b.    *Malicious Prosecution*

In Puerto Rico, malicious prosecution is the unjustified use of legal proceedings; there is malicious prosecution when a criminal action is filed maliciously and without probable cause, and such an action provokes damages.  *García Gómez v. Estado*, 2005 TSPR 14, *3, 2005 WL 536113 (2005).  A malicious prosecution claim is brought under the auspices of Article 1802 of the Puerto Rico Civil Code and requires that the plaintiff aver and prove: (1) that he or she has been the subject of a criminal complaint filed by the defendant, (2) that the criminal case ended favorably for plaintiff, (3) that the case was instigated maliciously and without probable cause, and (4) that plaintiff suffered damages as a result.  *Ayala*, 112 D.P.R. at 811-12.  *See also González Rucci v. U.S. I.N.S.*, 405 F.3d 45, 49 (1st Cir. 2005).

Plaintiff Besosa was arrested on a warrant that was validly issued pursuant to a judicial finding of probable cause.  Plaintiffs have not alleged or adduced any facts that bring into question the warrant's validity, such as deceit on the part of defendants.  Even viewing the facts in the light most favorable to plaintiffs, the Court cannot conclude that they have made a colorable showing of this critically important element of the tort.  Accordingly, defendants'

CIVIL 15-1558CCC                              11

Motion for Summary Judgment as to plaintiffs' claims under the Puerto Rico Civil Code, Article 1802, P.R. LAWS ANN. tit. 31, sec. 5141, is GRANTED.[2]

### *In Absentia*

Plaintiffs allege that "to press criminal charges *in absentia* without any valid reason is against the rules, procedures, laws, and decisions of the Supreme Court of Puerto Rico." (d.e. 1, ¶ 24).  They cite no law supporting this legal conclusion.  Insofar as they intend "without a valid reason" to mean "without probable cause," we have fully disposed of the probable cause issue in the preceding discussion.  Insofar as they intend "without a valid reason" to mean that they have a right to be present at the judicial determination of probable cause, save for some codified exception, they are mistaken.  Rule 6 of Puerto Rico Rules of Criminal Procedure does not provide a right to be

---

[2]Plaintiffs may be confused about the meaning of "without probable cause" as an element of malicious prosecution under both Section 1983 and the Puerto Rico Civil Code.  The legal system has layers of review in order to ensure justice, and probable cause determinations from impartial magistrates (judges) are of utmost importance.  An arrest can occur in one of two ways: (1) a police officer makes a warrantless arrest based on her determination that probable cause exists for the same, or (2) a police officer and/or a prosecutor introduce evidence to a judge, requesting her to confirm the existence of probable cause and issue a warrant for the arrest.  In the first scenario, there must be a prompt judicial determination of probable cause (commonly referred to as a "probable cause" or *"Gerstein"* hearing), usually within 48 hours of the arrest. *See County of Riverside v. McLaughlin*, 500 U.S. 44 (1991).  In the second scenario, because a judicial determination of probable cause was made by the judge who issued the arrest warrant, no additional prompt determination is required by the Fourth Amendment.

Many states and territories, including Puerto Rico, hold later "preliminary hearings," at which defendants are given an opportunity to challenge the earlier determination of probable cause, be it the result of a *Gerstein* hearing or a judge-issued arrest warrant.  At her preliminary hearing, plaintiff Besosa was successful in challenging the earlier finding of probable cause.  Such success is forward-looking; it secures her release and results in the dismissal of charges against her.  It is not backward looking; it does not invalidate her arrest or pre-hearing detention in such a way as to expose defendants to liability.  Such a rule would be disastrous: If judicial reversals and dismissals were to have such an effect, every successful criminal appeal would expose police and prosecutors to civil liability for malicious prosecution.  For this reason, an arrest is deemed to be "with probable cause," satisfying the requirements of 42 U.S.C. § 1983 and Article 1802 of the Puerto Rico Civil Code, as long as it was made or sustained pursuant to a valid judicial probable cause determination, and without regard to whether a prior or subsequent judicial determination found probable cause to be lacking.

CIVIL 15-1558CCC                    12

present at a magistrate's consideration of probable cause to issue a warrant. *Pueblo v. Jimenez Cruz*, 145 D.P.R. 803 (1998).

## II.    *Conspiracy*

Because plaintiffs have failed to allege or make a colorable showing of any actionable harm under the laws of the United States or Puerto Rico, the Court need not address questions of conspiracy.

## III.   *Immunity*

Because plaintiff has failed to allege or make a colorable showing of any actionable harm under the laws of the United States or Puerto Rico, the Court need not address questions of immunity.

## CONCLUSION

For the above-stated reasons, defendants' Motion for Judgment (**d.e. 40**) is GRANTED.  Accordingly, the Court will enter Judgment dismissing with prejudice all of plaintiffs' claims.  The Motion for Judgment on the Pleadings filed by defendant José Capó-Rivera in his personal capacity (**d.e. 24**) is rendered MOOT.

SO ORDERED.

At San Juan, Puerto Rico, on August 15, 2016.

S/CARMEN CONSUELO CEREZO
United States District Judge